Filed 8/21/15  Quality Loan Service Corp. v. JPMorgan Chase Bank CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| QUALITY LOAN SERVICE CORP.,<br><br>     Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>     Defendant and Respondent;<br><br>STEVEN WIERZBA,<br><br>     Defendant and Appellant. | A142603<br><br>(Alameda County<br>Super. Ct. No. RG12659614) |

**MEMORANDUM OPINION[1]**

Steven Wierzba, in pro. per., appeals an order distributing surplus proceeds from the nonjudicial foreclosure sale of his residence.  Wierzba does not assert he is entitled to a share of the surplus proceeds.  Instead, he asserts the foreclosure sale should be set aside and his property returned to him because the foreclosure proceedings were fraudulent.  We affirm.  While Wierzba is free to challenge the propriety of the foreclosure proceedings, he may not do so in this action, which was instituted for the limited purpose of determining the proper distribution of the surplus.

As the parties are familiar with the facts and procedural history, we review them in brief.  Quality Loan Service Corp. (QLS) instituted nonjudicial foreclosure proceedings against Wierzba's residence and, on August 9, 2012, the property was sold to a third

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(1), (3).

party through a trustee's sale. After using the sale proceeds to satisfy the unpaid debt on a senior deed of trust, a surplus of $226,161.77 remained. QLS determined there was a conflict between potential claimants to the surplus and therefore petitioned to deposit the sum with the court pursuant to Civil Code[2] section 2924j. The trial court directed the clerk to receive the surplus and discharged QLS from further responsibility for disbursement.

JPMorgan Chase Bank, N.A. (JPMorgan), which purports to hold the second priority lien on the subject property, filed a claim for the surplus proceeds. On May 1, 2014, Wierzba filed a document with the trial court contesting QLS's status as trustee and asserting JPMorgan had no interest in the property. Attached to the document is a declaration by Wierzba stating he does not request any distribution from the surplus, but he considers the foreclosure proceedings fraudulent and void. The trial court subsequently entered an order distributing $207,720.37 of the surplus to JPMorgan.[3] Wierzba filed a motion for reconsideration, which was denied by the court. At a hearing on the motion for reconsideration, the court explained JPMorgan had shown it had a lien on the property and "the only issue before th[e] court is who gets the surplus proceeds."

On appeal, Wierzba does not challenge the trial court's reasoning. He merely reasserts his claim that the underlying foreclosure proceedings were improper. But the trial court was not in a position to adjudicate such a claim in an action to distribute surplus proceeds from a foreclosure sale pursuant section 2924j. The statute merely requires a court to consider all timely filed claims and distribute the deposited funds to any and all claimants entitled thereto. (§ 2924j, subds. (c)–(d).) Nothing in the statute authorizes the court to void a foreclosure sale or return a property to its original owner. Yet this is the only relief Wierzba sought. Additionally, because Wierzba has expressly stated he does not seek any portion of the surplus, he could not have been harmed by the

---

[2] All statutory references are to the Civil Code.

[3] The remainder of the surplus was held by the court, and if not claimed by a party, shall escheat to the State of California.

trial court's decision to distribute proceeds to JPMorgan.  Accordingly, he also lacks standing to appeal.

As Wierzba's request is procedurally improper, the trial court did not err in granting JPMorgan's claim to the surplus.  Nor did it err in denying Wierzba's motion for reconsideration.  Accordingly, we affirm.[4]  Respondents are entitled to their costs on appeal.


_____
Margulies, J.


We concur:


_____
Humes, P.J.


_____
Banke, J.


_____

[4] Wierzba is free to pursue his claims in a separate action.  Indeed, it appears he has already done so by filing two separate suits against JPMorgan and QLS in federal court.